IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

ROBERT HEARD,

    Plaintiff

VS.

NO. 5:09-CV-357 (CAR)

BRIAN OWENS, *et al.,*

    Defendants

**PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE**

## ORDER AND RECOMMENDATION

  Defendants Brian Owens, William Powell, James Phelps, Robert Basley, and Daniella Brown-Holmes have filed a motion seeking dismissal of the above-captioned §1983 action asserting that plaintiff Robert Heard has, *inter alia*, failed to exhaust his administrative remedies and failed to state a claim for which relief can be granted. Tab #21. Following receipt of this motion, the undersigned ordered and directed the plaintiff to file a response thereto. Tab #23. The plaintiff has filed a response (Tab #28) to which the defendants replied (Tab #30).[1] The motion is now ripe for review.

---

[1] The undersigned notes that plaintiff Heard has filed a sur-reply (Tab #31), two supplements to his complaint (Tab #34, Tab #39), a letter to "enlighten the bench" (Tab #38), a "Second Response" to the defendants motion seeking dismissal (Tab #41), a response in support of one of his supplements (Tab #42), an exhibit in support of one of his supplements (Tab #44), a reply in opposition to the defendants' response in opposition to his supplements (Tab #45), a Motion to Appear to Show Proof of Claim (Tab #35), and a Motion to Add Affidavits in support of one of his supplements (Tab #43).

  Because the plaintiff failed to seek permission to file a sur-reply (as required by Local Rules) regarding his initial response to the defendants' motion seeking dismissal, that pleading will not be considered. In like manner, because the plaintiff failed to secure permission to supplement/amend his complaint, these pleadings, as well as the related responses and supporting documents will also not be considered. This includes plaintiff's motion seeking to add affidavits (Tab #42) which is hereby **DENIED**. Finally, and with regard to the plaintiff's request to appear and show proof of his claim, the request is premature. Accordingly this motion (Tab #35) is also **DENIED**.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Heard , an inmate incarcerated at Central State Prison, filed the above-captioned lawsuit asserting, *inter alia*, claims of medical deliberate indifference. Tab #1. More specifically, the plaintiff avers that he suffers from high blood pressure, hepatitis C, and schizophrenia. He alleges that soon after his incarceration at Central State, he was required by defendants Phelps and Basley to participate in a work detail even though his health conditions rendered his ability to do so difficult and dangerous. Moreover, he claims that, despite their knowledge of his serious health conditions, defendants Phelps and Basley have refused to allow him to see a doctor, forced him to work in order to be allowed to eat, and caused medical personnel to change his medical profiles so that he would remain assigned to the above work detail. Finally, he avers that when he informed defendants Powell, Brown-Holmes, and Owens of these alleged problems, they took no steps to remedy the same. As a result of the above, the plaintiff demands punitive damages in the amount of fifty-thousand-dollars ($50,000) from each defendant, a total of twenty-million-dollars ($20,000,000) for physical and psychological suffering and damages, and injunctive relief sufficient to stop the alleged abuse and threats.

In response to these assertions, the defendants filed a motion seeking dismissal. Therein, they aver that plaintiff Heard has failed to state a claim and has failed to exhaust his available administrative remedies prior to filing the instant action. Consequently, they argue that this action should be dismissed. The undersigned agrees.

## LEGAL STANDARDS

A complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), if it does not "state a claim upon which relief can be granted." When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all factual allegations in the complaint must be accepted as true, with all reasonable inferences construed in the light most favorable to the plaintiff. *Wagner v. Daewoo Heavy Industries America Corp.*, 289 F.3d 1268, 1270 (11th Cir. 2002), *vacated on other grounds*, 298 F.3d 1228 (11th Cir. 2002); *See also*, *Beck v. Deloitte & Touche*, 144 F. 3d 732, 735 (11th Cir. 1988). Conclusory allegations and unwarranted deductions of fact, however, are not admitted as true. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). Moreover,

"[a] complaint is subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County, Alabama*, 268 F. 3d 1014, 1022 (11th Cir. 2001) (*en banc*) (citing *Quiller v. Barclays American/Credit, Inc.*, 727 F. 2d 1067, 1069 (11th Cir. 1984) *vacated on petition for rehearing*, *reinstated by* 764 F. 2d 1400 (11th Cir. 1985)).

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act of 1995 ("PLRA") mandates that before an incarcerated plaintiff can bring any action under 42 U.S.C. §1983, he must exhaust all of the administrative remedies available to him. 42 U.S.C. §1997e(a). The Eleventh Circuit has also made it clear that exhaustion of available administrative remedies is a precursor to a prisoner's filing a civil rights action, even when the administrative procedures set forth by the prison are futile or inadequate. *Alexander v. Hawk*, 159 F.3d 1321, 1326 (11th Cir. 1998).

Where a request for dismissal based upon the affirmative defense of failure to exhaust is properly raised, consideration of such a request involves the application of the two-step process described below. *Turner v. Burnside*, 2008 U.S. App. LEXIS 18510 at *8 (11th Cir. August 28, 2008). First, the court looks to the factual allegations in the defendant's motion seeking dismissal as well as those in the plaintiff's response. If they conflict, the court takes the plaintiff's version of the facts as true. *Id*. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id*. (citing, *Bryant*, 530 F.3d at 1373-74).

If the complaint is not subject to dismissal at the first step, the court proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion. *Bryant*, 530 F.3d at 1373-74, 1376; *Turner*, 2008 U.S. App. LEXIS 18510, at *9. Once these findings have been made, the court, based on those findings, must determine whether or not the inmate has exhausted available administrative remedies. *Turner* at *9.

# DISCUSSION

As noted above, the defendants seek dismissal of this action based on the basis of the plaintiff's failure to exhaust his available administrative remedies. In support of this assertion, and in addition to a supporting brief, they have submitted the affidavit of Chief Counselor Patrice Hightower, a record and copies of the plaintiff's grievances, and applicable sections of the Georgia Department of Corrections Standard Operating Procedures. Relying upon these documents, the defendants aver that, while the plaintiff has filed numerous grievances since arriving at Central State, he has not exhausted any grievance related in any way to any claim in the instant action. As such, the defendants conclude that this action is due to be dismissed.

In response, and with regard to the issue of exhaustion, plaintiff Heard makes numerous arguments concerning the language, legislative intent, and correct legal interpretation of the PLRA's exhaustion requirement and the defendants' established administrative remedy procedure. The conclusions of these arguments include, *inter alia*, assertions that (1) the defendants' grievance procedure is unlawful because it has not been approved by the Department of Justice, (2) exhaustion in the manner mandated by the defendants' administrative remedy policy is not required to satisfy the PLRA's exhaustion requirement, (3) exhaustion is complete at the time the defendants have had an opportunity to consider the alleged problem, and (4) exhaustion is not necessary due to the nature of his claims.

In reply to the plaintiff's arguments and conclusions, the defendants begin by correctly noting that, under the PLRA, their grievance procedure does not require approval from the Department of Justice in order for them to assert failure to exhaust as a defense. *See* 42 U.S.C. § 1997e (2009). With respect to the plaintiff's second and third arguments, the defendants accurately assert that the plaintiff must exhaust his claims by complying with all of the applicable procedures prior to filing suit, thus, their being on notice of the alleged problems is not sufficient to satisfy the exhaustion requirement. *See Woodford v. Ngo*, 548 U.S. 81, 90-91, 95 (2006). And finally, with regard to the plaintiff's "nature of his claims" argument, the defendants point out that all claims, regardless of their nature, must be exhausted prior to filing suit.

The undersigned agrees with each of the defendants arguments. As the plaintiff has failed to exhaust *any* of his asserted claims prior to filing this action, it is apparent that the claims are not properly before the court. As the claims are not properly before the court, consideration of the defendants's arguments about the sufficiency of the claims themselves is not necessary. Accordingly, the undersigned RECOMMENDS that the defendants' motion seeking dismissal be **GRANTED** and that the instant action be **DISMISSED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO ORDERED AND RECOMMENDED,** this 1st day of JUNE, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE